1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## TACOMA DIVISION

8
9

| | |
|---|---|
| MONET CARTER-MIXON, as Personal Representative of the Estate of MANUEL ELLIS, and MARCIA CARTER, Plaintiff, | NO. 20-2-07023-3 |

10
11

**NOTICE OF INTENT TO SUBPOENA**

12

Plaintiff,

13

v.

14
15
16
17

CITY OF TACOMA, CHRISTOPHER BURBANK, MATTHEW COLLINS, MASYIH FORD, TIMOTHY RANKINE, ARMANDO FARINAS, RON KOMAROVSKY, PIERCE COUNTY, GARY SANDERS, and ANTHONY MESSINEO,

18

Defendants.

19
20

**TO:** **Attorneys for Plaintiffs Monet Carter Mixon as personal representative of the Estate of Manuel Ellis and Marcia Carter.**

21

**AND TO:** **Attorneys for Defendants City of Tacoma, Christopher Burbank, Matthew Collins, Masyih Ford, Armando Farinas, Ron Komarovsky, Pierce County, Gary Sanders, and Anthony Masseineo.**

22
23

You and each of you please take notice that the undersigned Defendant in the above

24

captioned matter will serve subpoenas for the production of all medical and mental health records

25

of Manuel Ellis from the following facilities: Pierce County Jail, Virginia Mason Franciscan, St.

FREYBUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

Joseph Medical Center, Multicare Good Samaritan Hospital, Pierce County Alliance, Sea Mar Rehabilitation, Greater Lakes Mental Healthcare, State of Washington – Department of Social and Health Services, Multicare Allenmore Hospital, and Central Pierce Fire.

Said subpoenas will be issued pursuant to Civil Rule 45, RCW 70.02.060, RCW 5.60.060. Any objection should be made within 14 days after receipt of this notice. If no protective order is received by that date, the subpoenas for the above-mentioned records will be issued commanding production, inspection and copying of all records. A copy of the subpoenas to the medical provider are attached.

DATED this 4th day of May, 2022.

FREY BUCK, P.S.

By: _____
Mark Conrad, WSBA #48135
Attorney for Defendant Rankine

FREYBUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

## Certificate of Service

I hereby certify under penalty of perjury under the laws of the State of Washington that On July 2, 2021 I caused a true and correct copy of the foregoing document to be delivered to the following counsel of record in the manner indicated below:

James Bible, WSBA #33985
JAMES BIBLE LAW GROUP
14205 SE 36th St. Ste. 100
Bellevue, WA 98006
james@biblelawgroup.com

Stephen Dermer (Pro Hac Vice)
Matthew A. Ericksen, Sr. (Pro Hac Vice)
DERMER APPEL RUDER, LLC
6075 The Corners Parkway, Suite 210
Peachtree Corners, GA 30092
sdermer@darlawllc.com
mericksen@darlawllc.com

*Attorneys for Plaintiff*

Peter J. Helmberger, WSBA # 23041
Pierce County Prosecutor / Civil
955 Tacoma Avenue South, Suite 301
Tacoma, WA 98402-2160
peter.helmberger@piercecountywa.gov

*Attorneys for Defendants Gary Sanders, and Anthony Messineo*

Stewart A. Estes, WSBA #15535
Audrey M. Airut Murphy, WSBA #56833
KEATING, BUCKLIN & McCORMACK, INC., P.S.
801 Second Avenue, Suite 1210
Seattle, WA 98104
sestes@kbmlawyers.com
murphy@kbmlawyers.com

*Attorneys for Defendants Masyih Ford, Armando Farnias, and Ron Komarovsky*
*//*

*//*

NOTICE OF INTENT TO SUBPOENA - 3

Casey M. Arbenz, WSBA #40581
PUGET LAW GROUP, LLP
708 Broadway, Ste. 400
Tacoma, WA 98402
Tel: 253-627-4696
Casey@pugetlawgroup.com

*Attorneys for Defendant Matthew Collins*

Robert L. Christie, WSBA #10895
Attorneys for Defendant City of Tacoma
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
bob@christielawgroup.com

*Attorneys for Defendant City of Tacoma*

[ ]     Via USPS
[X]    Via Electronic Mail
[ ]     Via LINX, Pierce County Superior Court e-filing/e-serving system

DATED this this 4th day of May, 2022 at Seattle, Washington.

_//s//_Lauren English_
Lauren English, Paralegal

NOTICE OF INTENT TO SUBPOENA - 4

United States District Judge Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| MONET CARTER-MIXON, as Personal Representative of the Estate of MANUEL ELLIS, and MARCIA CARTER, Plaintiff, | NO. 20-2-07023-3 |
| Plaintiff, | **NOTICE OF INTENT TO SUBPOENA** |
| v. | |
| CITY OF TACOMA, CHRISTOPHER BURBANK, MATTHEW COLLINS, MASYIH FORD, TIMOTHY RANKINE, ARMANDO FARINAS, RON KOMAROVSKY, PIERCE COUNTY, GARY SANDERS, and ANTHONY MESSINEO, | |
| Defendants. | |

     **TO:**       **Attorneys for Plaintiffs Monet Carter Mixon as personal representative of the Estate of Manuel Ellis and Marcia Carter.**
     **AND TO:**     **Attorneys for Defendants City of Tacoma, Christopher Burbank, Matthew Collins, Masyih Ford, Armando Farinas, Ron Komarovsky, Pierce County, Gary Sanders, and Anthony Masseineo.**

You and each of you please take notice that the undersigned Defendant in the above captioned matter will serve subpoenas for the production of all medical and mental health records

FREYBUCK P.S.

1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

of Manuel Ellis from the following facilities: Lakewood Family Medical Clinic, St. Clare's Hospital, Multicare Tacoma General Hospital, and Comprehensive Life Resources.

Said subpoenas will be issued pursuant to Civil Rule 45, RCW 70.02.060, RCW 5.60.060. Any objection should be made within 14 days after receipt of this notice. If no protective order is received by that date, the subpoenas for the above-mentioned records will be issued commanding production, inspection and copying of all records. A copy of the subpoenas to the medical provider are attached.

DATED this 1st day of June, 2022.

FREY BUCK, P.S.

By: _____
Mark Conrad, WSBA #48135
Attorney for Defendant Rankine

FREYBUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

<u>**Certificate of Service**</u>

I hereby certify under penalty of perjury under the laws of the State of Washington that On June 1st, 2022 I caused a true and correct copy of the foregoing document to be delivered to the following counsel of record in the manner indicated below:

James Bible, WSBA #33985
JAMES BIBLE LAW GROUP
14205 SE 36th St. Ste. 100
Bellevue, WA 98006
james@biblelawgroup.com

Stephen Dermer (Pro Hac Vice)
Matthew A. Ericksen, Sr. (Pro Hac Vice)
DERMER APPEL RUDER, LLC
6075 The Corners Parkway, Suite 210
Peachtree Corners, GA 30092
sdermer@darlawllc.com
mericksen@darlawllc.com

*Attorneys for Plaintiff*

Peter J. Helmberger, WSBA # 23041
Pierce County Prosecutor / Civil
955 Tacoma Avenue South, Suite 301
Tacoma, WA 98402-2160
peter.helmberger@piercecountywa.gov

*Attorneys for Defendants Gary Sanders, and Anthony Messineo*

Stewart A. Estes, WSBA #15535
Audrey M. Airut Murphy, WSBA #56833
KEATING, BUCKLIN & McCORMACK, INC., P.S.
801 Second Avenue, Suite 1210
Seattle, WA 98104
sestes@kbmlawyers.com
murphy@kbmlawyers.com

*Attorneys for Defendants Masyih Ford, Armando Farnias, and Ron Komarovsky*
*//*

*//*

FreyBuck P.S.
1200 Fifth Avenue, Suite 1900
Seattle, WA 98101
P: (206) 486-8000 F: (206) 902-9660

Casey M. Arbenz, WSBA #40581
PUGET LAW GROUP, LLP
708 Broadway, Ste. 400
Tacoma, WA 98402
Tel: 253-627-4696
Casey@pugetlawgroup.com

*Attorneys for Defendant Matthew Collins*

Robert L. Christie, WSBA #10895
Attorneys for Defendant City of Tacoma
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
bob@christielawgroup.com

*Attorneys for Defendant City of Tacoma*

[ ]  Via USPS
[X]  Via Electronic Mail
[ ]  Via LINX, Pierce County Superior Court e-filing/e-serving system

DATED this this 1st day of June, 2022 at Seattle, Washington.

_//s//_Lauren English_
Lauren English, Paralegal

FreyBuck P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660



May 4, 2022

*Via U.S. First Class Mail*

State of Washington
Department of Social and Health Services
1949 State St
Tacoma, WA 98405

Washington State
Office of the Attorney General
1125 Washington St. SE
PO BOX 40100
Olympia, WA 98504

      Re:    Monet Carter Mixon, et. al. v. City of Tacoma et. al., No. 3:21-cv-05692-LK

Dear Records Custodian:

      Enclosed please find a Subpoena to appear for a deposition and for production the medical records of Manuel Ellis (DOB 08/28/1986). We scheduled a deposition for testimony; however, you may discharge your obligation under the subpoena and avoid any appearance by returning the sought for records by electronic means, at least seven days before the scheduled deposition date. You may bill us for any costs associated with production. If you intend to object to this subpoena, you must seek and obtain a protective order by no later than 14 days after receipt of this notice. You should be aware that under RCW 5.60.060, claimants who file lawsuits for personal injuries or wrongful death, such as in this lawsuit, are deemed to have waived the physician patient privilege after 90 days have passed. More than 90 days have passed since this lawsuit was filed.

      Thank you for your cooperation. Please contact me directly if you require anything additional to process this request.

      Sincerely,

      Mark Conrad
      Mconrad@freybuck.com

cc:     Delaney M. DiGiovanni ddigiovanni@freybuck.com; Anne Bremner abremner@freybuck.com; James Bible james@biblelawgroup.com; Stephen Dermer sdermer@darlawllc.com; Matthew A. Ericksen, Sr. mericksen@darlawllc.com; Peter J. Helmberger peter.helmberger@piercecountywa.gov; Stewart A. Estes sestes@kbmlawyers.com; Audrey M. Airut Murphy amurphy@kbmlawyers.com; Casey M. Arbenz; Casey@pugetlawgroup.com; Robert L. Christie bob@christielawgroup.com

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏  Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❏  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



*Via U.S. First Class Mail*

Greater Lakes Mental Healthcare
9330 59th AVE SW Lakewood, WA 98499

   Re: Monet Carter Mixon, et. al. v. City of Tacoma et. al., No. 3:21-cv-05692-LK

Dear Records Custodian:

   Enclosed please find a Subpoena to appear for a deposition and for production the medical records of Manuel Ellis (DOB 08/28/1986). We scheduled a deposition for testimony; however, you may discharge your obligation under the subpoena and avoid any appearance by returning the sought for records by electronic means, at least seven days before the scheduled deposition date. You may bill us for any costs associated with production. If you intend to object to this subpoena, you must seek and obtain a protective order by no later than 14 days after receipt of this notice. You should be aware that under RCW 5.60.060, claimants who file lawsuits for personal injuries or wrongful death, such as in this lawsuit, are deemed to have waived the physician patient privilege after 90 days have passed. More than 90 days have passed since this lawsuit was filed.

   Thank you for your cooperation. Please contact me directly if you require anything additional to process this request.


    Sincerely,

    Mark Conrad
    Mconrad@freybuck.com


cc: Delaney M. DiGiovanni ddigiovanni@freybuck.com; Anne Bremner abremner@freybuck.com; James Bible james@biblelawgroup.com; Stephen Dermer sdermer@darlawllc.com; Matthew A. Ericksen, Sr. mericksen@darlawllc.com; Peter J. Helmberger peter.helmberger@piercecountywa.gov; Stewart A. Estes sestes@kbmlawyers.com; Audrey M. Airut Murphy amurphy@kbmlawyers.com; Casey M. Arbenz; Casey@pugetlawgroup.com; Robert L. Christie bob@christielawgroup.com

# UNITED STATES DISTRICT COURT

### for the

_____ District of _____

| | |
|---|---|
| _____<br>*Plaintiff*<br>v.<br><br>_____<br>*Defendant* | )<br>)<br>)  Civil Action No.<br>)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| _____<br>*Signature of Clerk or Deputy Clerk* | OR | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



*Via U.S. First Class Mail*
Pierce County Jail
910 Tacoma Avenue S
701 Nollmeyer Lane
Tacoma, WA 98402

Re:    Monet Carter Mixon, et. al. v. City of Tacoma et. al., No. 3:21-cv-05692-LK

Dear Records Custodian:

Enclosed please find a Subpoena to appear for a deposition and for production the medical records of Manuel Ellis (DOB 08/28/1986). We scheduled a deposition for testimony, however, you may discharge your obligation under the subpoena and avoid any appearance by returning the sought for records by electronic means, at least seven days before the scheduled deposition date. You may bill us for any costs associated with production. If you intend to object to this subpoena, you must seek and obtain a protective order by no later than 14 days after receipt of this notice. You should be aware that under RCW 5.60.060, claimants who file lawsuits for personal injuries or wrongful death, such as in this lawsuit, are deemed to have waived the physician patient privilege after 90 days have passed. More than 90 days have passed since this lawsuit was filed.

Thank you for your cooperation. Please contact me directly if you require anything additional to process this request.

Sincerely,

Mark Conrad
Mconrad@freybuck.com

cc:    Delaney M. DiGiovanni ddigiovanni@freybuck.com; Anne Bremner abremner@freybuck.com; James Bible james@biblelawgroup.com; Stephen Dermer sdermer@darlawllc.com; Matthew A. Ericksen, Sr. mericksen@darlawllc.com; Peter J. Helmberger peter.helmberger@piercecountywa.gov; Stewart A. Estes sestes@kbmlawyers.com; Audrey M. Airut Murphy amurphy@kbmlawyers.com; Casey M. Arbenz; Casey@pugetlawgroup.com; Robert L. Christie bob@christielawgroup.com

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❒  Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❒  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



May 4, 2022

*Via U.S. First Class Mail*

Sea Mar Rehabilitation
1415 Center Street
Tacoma, WA 98409

   Re: Monet Carter Mixon, et. al. v. City of Tacoma et. al., No. 3:21-cv-05692-LK

Dear Records Custodian:

   Enclosed please find a Subpoena to appear for a deposition and for production the medical records of Manuel Ellis (DOB 08/28/1986). We scheduled a deposition for testimony; however, you may discharge your obligation under the subpoena and avoid any appearance by returning the sought for records by electronic means, at least seven days before the scheduled deposition date. You may bill us for any costs associated with production. If you intend to object to this subpoena, you must seek and obtain a protective order by no later than 14 days after receipt of this notice. You should be aware that under RCW 5.60.060, claimants who file lawsuits for personal injuries or wrongful death, such as in this lawsuit, are deemed to have waived the physician patient privilege after 90 days have passed. More than 90 days have passed since this lawsuit was filed.
   Thank you for your cooperation. Please contact me directly if you require anything additional to process this request.

     Sincerely,

     Mark Conrad
     Mconrad@freybuck.com

cc: Delaney M. DiGiovanni ddigiovanni@freybuck.com; Anne Bremner abremner@freybuck.com; James Bible james@biblelawgroup.com; Stephen Dermer sdermer@darlawllc.com; Matthew A. Ericksen, Sr. mericksen@darlawllc.com; Peter J. Helmberger peter.helmberger@piercecountywa.gov; Stewart A. Estes sestes@kbmlawyers.com; Audrey M. Airut Murphy amurphy@kbmlawyers.com; Casey M. Arbenz; Casey@pugetlawgroup.com; Robert L. Christie bob@christielawgroup.com

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| _____ <br> *Plaintiff* | ) <br> ) | |
| v. | ) | Civil Action No. |
| _____ <br> *Defendant* | ) <br> ) <br> ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ <br> *Signature of Clerk or Deputy Clerk* | | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
　**(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

　**(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
　**(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
　**(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
　**(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



FREYBUCK P.S.

June 2, 2022

*Via U.S. First Class Mail*

Comprehensive Life Resources
1305 Tacoma Avenue S
Tacoma, WA 98402

   Re: Monet Carter Mixon, et. al. v. City of Tacoma et. al., No. 3:21-cv-05692-LK

Dear Records Custodian:

   Enclosed please find a Subpoena for production the medical records of Manuel Ellis (DOB 08/28/1986). You may bill us for any costs associated with production. If you intend to object to this subpoena, you must seek and obtain a protective order by no later than 14 days after receipt of this notice. *See* RCW 70.02.060. You should be aware that under RCW 5.60.060, claimants who file lawsuits for personal injuries or wrongful death, such as in this lawsuit, are deemed to have waived the physician patient privilege after 90 days have passed. More than 90 days have passed since this lawsuit was filed.

   Thank you for your cooperation. Please contact me directly if you require anything additional to process this request.

     Sincerely,

     Mark Conrad
     Mconrad@freybuck.com

cc: Delaney M. DiGiovanni ddigiovanni@freybuck.com; Anne Bremner abremner@freybuck.com; James Bible james@biblelawgroup.com; Stephen Dermer sdermer@darlawllc.com; Matthew A. Ericksen, Sr. mericksen@darlawllc.com; Peter J. Helmberger peter.helmberger@piercecountywa.gov; Stewart A. Estes sestes@kbmlawyers.com; Audrey M. Airut Murphy amurphy@kbmlawyers.com; Casey M. Arbenz; Casey@pugetlawgroup.com; Robert L. Christie bob@christielawgroup.com

# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

| | | |
|---|---|---|
| MONET CARTER-MIXON, et. al. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 3:21-CV-05692-LK |
| | ) | |
| CITY OF TACOMA, et. al. | ) | |
| _Defendant_ | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

Comprehensive Life Resources, Records Custodian, 1305 Tacoma Avenue S, Tacoma, WA 98402

_(Name of person to whom this subpoena is directed)_

☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Your complete file on Manuel E. Ellis, DOB - 08/28/1986 including but not limited to any and all medical records, chart notes, diagnostic reports, lab reports, test results, imaging, reports, orders, photographs, videos, correspondence, pharmacy prescriptions, and billing records regardless of whether the records were generated by you or provided to you.

| Place: Frey Buck, P.S.<br>1200 Fifth Avenue, Suite 1900<br>Seattle, WA 98101 | Date and Time: June 30, 2022 at 9am |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 31, 2022

_CLERK OF COURT_

OR

_____          /s/ Mark R. Conrad
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Defendant Timothy Rankine
Mark R. Conrad, WSBA #48135, Frey Buck, P.S., 1200 Fifth Avenue #1900, Seattle, WA 98101 , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                     .

❏ I served the subpoena by delivering a copy to the named person as follows:

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because:

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).