United States District Judge Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| MONET CARTER-MIXON, as Personal Representative of the Estate of MANUEL ELLIS, and MARCIA CARTER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TACOMA, CHRISTOPHER BURBANK, MATTHEW COLLINS, MASYIH FORD, TIMOTHY RANKINE, ARMANDO FARINAS, and RON KOMAROVSKY,<br><br>Defendants. | No. 3:21-cv-05692-LK<br><br>PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT RANKINE'S MOTION FOR COURT ORDER COMPELLING RELEASE OF MEDICAL RECORDS |

COMES NOW Monet Carter-Mixon, as Personal Representative of the Estate of Manuel Ellis, and Marcia Carter (collectively referred to herein as "plaintiffs"), the named plaintiffs in the above-styled civil action, and file their Response in Opposition to Defendant Rankine's Motion for Court Order Compelling Release of Medical Records (Doc. 64), respectfully showing this Court as follows:

Defendant Timothy Rankine ("Mr. Rankine" or "defendant") filed his motion on August 4, 2022. Essentially, Mr. Rankine is seeking an order from this Court compelling production of all of Manuel Ellis's medical, psychiatric, and drug treatment records from the following eight entities: Washington State Department of Social and Health Services; Greater Lakes Mental

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT RANKINE'S MOTION FOR COURT ORDER COMPELLING RELEASE OF MEDICAL RECORDS - 1

**THE ERICKSEN FIRM**
708 HOLCOMB BRIDGE ROAD
Norcross, Georgia 30071
T: 404-881-3543

Healthcare; Pierce County Sheriff's Department; Sea Mar Rehabilitation; Comprehensive Life Resources; Sundown M. Ranch; Fairfax Hospital; and Lakeside Milam Recovery Center. Defendant also requests that to "avoid having to bring this same motion in the future, Rankine requests that the order also be directed to any of Ellis' medical providers not yet identified." (Doc. 64, page 9).

Plaintiffs respectfully submit that defendant's motion should be denied, or at minimum, the scope of the subpoenas should be narrowed. The parties met and conferred prior to the filing of defendant's motion. However, the plaintiffs were still in the process of discussing the issues and trying to negotiate a compromise resolution when the defendant made the decision to file his motion. Mr. Ericksen sent the following email to Mr. Rankine's counsel at 3:40 p.m. PDT on August 4, 2022:

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
RANKINE'S MOTION FOR COURT ORDER COMPELLING
RELEASE OF MEDICAL RECORDS - 2

**THE ERICKSEN FIRM**
708 HOLCOMB BRIDGE ROAD
Norcross, Georgia 30071
T: 404-881-3543

```
From:          Matthew Ericksen
To:            Mark Conrad; James@biblelawgroup.com; Stephen Dermer
Cc:            Lauren English; Ted Buck; Anne Bremner
Subject:       RE: Case Re: MH records
Date:          Thursday, August 4, 2022 6:40:00 PM
Attachments:   image001.png
               image002.png
               image003.png
```

Mark,

Good afternoon, my suggestion for trying to resolve this issue by agreement was that we could limit the document request to a smaller number of facilities, those where we really have a reason to believe that new, relevant evidence could be discovered. Sorry if that wasn't clear from my prior email.

Please let me know if you want to consider that and if so, what facilities you would want to target. I think that would be a reasonable approach that allows your client to conduct some discovery on these issues without opening the floodgates to a full scale fishing expedition. The defense already has quite a bit of information about Manny's background and medical history, and I think considerations of proportionality and importance weigh against the issuance of 9+ subpoenas.

Maybe we could reach out to the Court and have a conference call with the Judge to sort out this issue? I would think that would be preferable to motions practice. A lot of our federal judges in Georgia encourage that kind of thing. I will take a look at Judge King's instructions and see if she outlines such a procedure.

Matthew



Matthew A. Ericksen, Sr.

Office: 404-881-3543
Cell: 404-909-4354
matthew@ericksenfirm.com
708 Holcomb Bridge Road
Norcross, GA 30071

   Rather than respond to that email the defendant went ahead and filed his motion a couple hours later. Notably, the discovery dispute emails filed into the record by the defendant did not include Mr. Ericksen's last email (Doc. 65-10), potentially giving a false impression that the plaintiffs had completely ignored Mr. Conrad's latest communication.

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
RANKINE'S MOTION FOR COURT ORDER COMPELLING
RELEASE OF MEDICAL RECORDS - 3

THE ERICKSEN FIRM
708 HOLCOMB BRIDGE ROAD
Norcross, Georgia 30071
T: 404-881-3543

Plaintiffs respectfully submit that defendant's motion should be denied, or at minimum, the scope of the subpoenas should be narrowed. As the Court is well aware, the general scope of discovery is set forth in Rule 26 as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FRCP 26(b)(1).

Plaintiffs do not dispute that *some* of Manuel's medical records could be relevant and discoverable in this case. However, based on the materials filed by the defendant into the record it is obvious that he already possesses substantial records covering a period of several months prior to the unlawful killing of Manuel Ellis. In relevant part, the defendant filed over 100 pages of records from the Pierce County Alliance as an exhibit to the present motion. (Doc. 65-3). Those records document Manuel's life in the 4 months leading up to his death and also include substantial information about the decedent's medical history and sensitive personal information. Based solely on the Pierce County Alliance records the defendant already has information about Manuel's mental health diagnoses, medications, drug use, drug rehabilitation efforts, counseling, prior serious injuries including a traumatic brain injury and a gunshot wound, dental issues, living situation, and sexual assault as a child. Simply stated, the defendant already has substantial information of the type he is seeking through the subpoenas. Moreover, he already has records that are close in time to Manuel's killing, wherein it could be reasonably surmised that the most relevant information could be found.

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
RANKINE'S MOTION FOR COURT ORDER COMPELLING
RELEASE OF MEDICAL RECORDS - 4

**THE ERICKSEN FIRM**
708 HOLCOMB BRIDGE ROAD
Norcross, Georgia 30071
T: 404-881-3543

Regardless, defendant is now seeking the production of all medical and mental health records from eight providers, as well as any others that might be later identified. Plaintiffs do not believe the defendant has articulated specific reasons supporting the issuance of each individual subpoena. Defendant speaks in general terms of the desire to obtain "Ellis' medical and mental health records [which] will also provide highly relevant insights into Ellis' lifestyle, health habits, drug use, rehabilitation efforts, medical conditions, diagnoses, prognoses, social life, familial relationships, and future prospects…." (Doc. 64, page 7). With all due respect it sounds like the defendant is trying to engage in a full-scale fishing expedition.

Judge Martinez has discussed the scope of discovery since Rule 26 was revised in 2015:

> In deciding whether to restrict discovery under Rule 26(b)(2)(C) "the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Smith v. Steinkamp*, 2002 U.S. Dist. LEXIS 11227, 2002 WL 1364161, at *6 (S.D. Ind. May 22, 2002) (quoting *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotations omitted)). *See also Rowlin v. Alabama Dep't. of Pub. Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001) (explaining that "courts have the duty to pare down overbroad discovery requests under Rule 26(b)(2) . . . The court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, discounted by society's interest in furthering the truthseeking function") (citing *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990)). In addition, Chief Justice John Roberts has noted the importance of the 2015 amendments to Rule 26. John Roberts, 2015 Year-End Report on the Federal Judiciary (Dec. 31, 2015), *available at* http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf .
> The Chief Justice has written that the changes that went into effect on December 1, 2015, "may not look like a big deal at first glance, but they are." *Id.* at 5. He went on to discuss that the amendments to Rule 26(b)(1) emphasize the need to impose "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." *Id.* at 5-6.

*Uhler v. Van Cleave,* 2017 U.S. Dist. LEXIS 19369, 2017 WL 553276, at *14-15 (W.D. Wash. 2017).

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
RANKINE'S MOTION FOR COURT ORDER COMPELLING
RELEASE OF MEDICAL RECORDS - 5

**THE ERICKSEN FIRM**
708 HOLCOMB BRIDGE ROAD
Norcross, Georgia 30071
T: 404-881-3543

The U.S. District Court for the Eastern District of California has discussed similar issues in the context of a § 1983 case and a defendant's issuance of broad subpoenas for production of medical records:

> Plaintiff correctly argues that the subpoena duces tecum is overly broad and seeks information that is irrelevant to the claims proceeding in this action. While Defendants claim that Plaintiff's medical records are highly relevant, the subpoena simply requests all of Plaintiff's medical records. (ECF No. 64 at 15.) The incidents at issue in this action occurred on November 12, 2006. Some of Plaintiff's medical records prior to November 12, 2006, may be relevant if they deal with medical complaints similar to those that Plaintiff is raising at the current time. However, Defendants subpoena does not limit the records request by subject matter. Plaintiff's medical records after the event would be relevant to Plaintiff's claims that he has developed health problems due to the incident. Since the subpoena requests all medical records without limiting the time period or requesting records related to the medical conditions that are at issue in this action, Defendants' subpoena is overly broad. Defendants sought all medical records without limiting the subject matter or time period of the records.
>
> The medical records received by Defendants include records from 1983 to the present. While a limited amount of these records would be calculated to lead to discoverable evidence, the records received clearly exceed those that would be relevant here. The incident at issue occurred on November 12, 2006, and Plaintiff claims that as a result of being pepper sprayed he has developed a lung disease. Accordingly, medical records for a period of time prior to the incident would be discoverable for Defendants to determine if Plaintiff had similar medical complaints prior to the incident. Since Plaintiff is complaining of injuries that have developed after November 12, 2006, those records would be discoverable as Plaintiff alleges that he has developed a health condition based on the November 12, 2006 incident. Accordingly, the Court will limit the subpoena duces tecum to discovery of Plaintiff's medical records from January 1, 2005, through the present. Defendants are to provide Plaintiff with a copy of these records. All other medical records that have been produced in response to the subpoena duces tecum shall be returned.

*Price v. Cunningham,* 2012 U.S. Dist. LEXIS 157142, *4-5 (E.D. Cal. 2012).

Plaintiffs believe that the subpoenas issued by Mr. Rankine are similarly overly broad. Most of the requests state simply that they are demanding "the complete medical records of patient, Manuel Elijah Ellis." No effort is made therein to limit the time or scope of the records requested. Plaintiffs respectfully submit that considerations of proportionality and importance weigh in favor

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT RANKINE'S MOTION FOR COURT ORDER COMPELLING RELEASE OF MEDICAL RECORDS - 6

**THE ERICKSEN FIRM**
708 HOLCOMB BRIDGE ROAD
Norcross, Georgia 30071
T: 404-881-3543

of denying the defendant's request to conduct the requested discovery, or at least limiting the scope of the subpoenas to more carefully target records that could truly prove to be relevant and important in this case. Plaintiffs' suggestion would be that the scope of the subpoenas be limited to a two-year time period, i.e. March 3, 2018 through March 3, 2020.

Plaintiffs also have legitimate concerns about whether the defendant will treat any sensitive records obtained with the care required by the Court's Scheduling Order (Doc. 46) and the Stipulated Protective Order (Doc. 63). Defendant initially filed a version of the present motion on July 14, 2022 and included an unredacted copy of the Pierce County Postmortem Examination Report. Among other concerns the document plainly includes the decedent's full SSN. (Doc. 56-1, page 11). This was brought up during the meet and confer process and although the defendant redacted the Pierce County Postmortem Examination Report in his most recent filing, no attempt has been made to rectify the prior violation of LCR 5.2(a). Plaintiffs further note that in support of the present motion the defendant filed documents which include unredacted birthdates of two living individuals, another apparent violation of LCR 5.2(a). (Doc 65-2, pages 7 and 20).

Under the circumstances, the plaintiffs request that to the extent Mr. Rankine's motion is granted, the defendant exercise caution in handling sensitive materials, especially before filing such documents into the public record. Plaintiffs believe that any medical, psychiatric, and drug treatment records obtained in response to the defendant's subpoenas must be properly treated as CONFIDENTIAL under the Stipulated Protective Order.

WHEREFORE, plaintiffs respectfully request that the defendant's motion be denied, or in the alternative, the Court should limit the scope of the subpoenas pursuant to FRCP 26, either to a two-year time period, or as this Court deems just and appropriate.

DATED this the 18th day of August, 2022.

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
RANKINE'S MOTION FOR COURT ORDER COMPELLING
RELEASE OF MEDICAL RECORDS - 7

**THE ERICKSEN FIRM**
708 HOLCOMB BRIDGE ROAD
Norcross, Georgia 30071
T: 404-881-3543

JAMES BIBLE LAW GROUP



By: /s/ James Bible
James Bible, WSBA #33985
14205 Se 36th Street, Suite 100
Bellevue, WA 98006
Telephone: 425-519-3675
Email:   James@biblelawgroup.com
*Attorney for Plaintiffs*



DERMER APPEL RUDER, LLC



By: Stephen Dermer
Stephen Dermer
Georgia Bar No. 219267
708 Holcomb Bridge Road
Norcross, GA 30071
Telephone: 404-881-3542
Email: sdermer@darlawllc.com
*Attorney for Plaintiffs*
**(Admitted Pro Hac Vice)**



THE ERICKSEN FIRM, LLC



By: /s/ Matthew A. Ericksen, Sr.
Matthew A. Ericksen, Sr.
Georgia Bar No. 304088
708 Holcomb Bridge Road
Norcross, GA 30071
Telephone: 404-881-3543
Email: matthew@ericksenfirm.com
*Attorney for Plaintiffs*
**(Admitted Pro Hac Vice)**

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
RANKINE'S MOTION FOR COURT ORDER COMPELLING
RELEASE OF MEDICAL RECORDS - 8

**THE ERICKSEN FIRM**
708 HOLCOMB BRIDGE ROAD
Norcross, Georgia 30071
T: 404-881-3543

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2022, I electronically filed the foregoing PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT RANKINE'S MOTION FOR COURT ORDER COMPELLING RELEASE OF MEDICAL RECORDS with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of said filing to the following attorneys of record:

**Attorneys for Plaintiffs**
James Bible, WSBA #33985
JAMES BIBLE LAW GROUP
14205 SE 36th St. Ste. 100
Bellevue, WA 98006
Tel: 425-519-3675
Email: james@biblelawgroup.com; carla@biblelawgroup.com

**Attorneys for Defendant City of Tacoma**
Robert L. Christie, WSBA #10895
John Barry, WSBA #55661
CHRISTIE LAW GROUP, PLLC
2100 Westlake Ave. N., Suite 206
Seattle, WA 98109
Tel: 206-957-9669
Email: bob@christielawgroup.com; john@christielawgroup.com
laura@christielawgroup.com

**Attorneys for Defendant Matthew Collins**
Casey Arbenz, WSBA #40581
PUGET LAW GROUP, LLP
708 Broadway, Ste. 400
Tacoma, WA 98402
Tel: 253-627-4696
Email: casey@pugetlawgroup.com; karla@pugetlawgroup.com

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT RANKINE'S MOTION FOR COURT ORDER COMPELLING RELEASE OF MEDICAL RECORDS - 9

**THE ERICKSEN FIRM**
708 HOLCOMB BRIDGE ROAD
Norcross, Georgia 30071
T: 404-881-3543

**Attorneys for Defendant Christopher Burbank**
Brett A. Purtzer, WSBA #17283
Wayne C. Fricke, WSBA #16550
HESTER LAW GROUP, INC. P.S.
1008 South Yakima Avenue, Suite 302
Tacoma, WA 98405
T: (253) 272-2157
Email: brett@hesterlawgroup.com; wayne@hesterlawgroup.com
kathy@hesterlawgroup.com; leeann@hesterlawgroup.com

**Attorneys for Defendant Timothy Rankine**
Ted Buck, WSBA #22029
Anne Bremner, WSBA #13269
Mark Conrad, WSBA #48135
Frey Buck, P.S.
1200 Fifth Ave, Suite 1900
Seattle, WA 98101
Tel: (206) 486-8000
Fax: (206) 902-9660
Email: tbuck@freybuck.com; abremner@freybuck.com
mconrad@freybuck.com; astocking@freybuck.com; sjohnson@freybuck.com

**Attorneys for Defendants Armando Farinas, Ron Komarovsky, and Masyih Ford**
Stewart A. Estes, WSBA # 15535
Audrey M. Airut Murphy, WSBA #56833
KEATING, BUCKLIN & McCORMACK, INC., P.S.
801 Second Avenue, Suite 1210
Seattle, WA 98104-1518
Phone: (206) 623-8861
Fax: (206) 223-9423
Email: sestes@kbmlawyers.com; lwalker@kbmlawyers.com; tcaceres@kbmlawyers.com
amurphy@kbmlawyers.com; lmartin@kbmlawyers.com

By: /s/ Matthew A. Ericksen, Sr.
Matthew A. Ericksen, Sr.
*Attorney for Plaintiffs*

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
RANKINE'S MOTION FOR COURT ORDER COMPELLING
RELEASE OF MEDICAL RECORDS - 10

**THE ERICKSEN FIRM**
708 HOLCOMB BRIDGE ROAD
Norcross, Georgia 30071
T: 404-881-3543