United States District Judge Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| MONET CARTER-MIXON, as Personal Representative of the Estate of MANUEL ELLIS, and MARCIA CARTER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TACOMA, CHRISTOPHER BURBANK, MATTHEW COLLINS, MASYIH FORD, TIMOTHY RANKINE, ARMANDO FARINAS, RON KOMAROVSKY, PIERCE COUNTY, GARY SANDERS, and ANTHONY MESSINEO,<br><br>Defendants. | No. 3:21-CV-05692-LK<br><br>DEFENDANT RANKINE'S REPLY IN SUPPORT OF MOTION FOR COURT ORDER COMPELLING RELEASE OF MEDICAL RECORDS<br><br>**NOTED ON MOTION CALENDAR:**<br>**August 19, 2022** |

## I.  INTRODUCTION

Plaintiffs' response to Defendant Rankine's motion to compel was due on Monday, August 15, 2022. Plaintiffs filed their response on Thursday, August 18, 2022 at 6:17 p.m. The Court should reject plaintiffs' untimely response as it violates the court rules and prejudices defendant's ability to reply. Even accepting plaintiffs' untimely filing, the Court should grant defendant Rankine's request to compel Mr. Ellis' medical records as they are highly relevant to this

proceeding and plaintiffs submit no legal or factual basis to bar access to the materials.

## II. ARGUMENT

### A. Motion to Strike- Untimely Response

Western District of Washington Local Rule 7(b)(2), states:

(2) Obligation of Opponent. Each party opposing the motion *shall, within the time prescribed in LCR 7(d)*, file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). Except for motions for summary judgment, *if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit*.

(emphasis added).

Further, LCR 7(d)(3) states: "Any opposition papers *shall* be filed and served not later than the Monday before the noting date." (emphasis added). "When the same Rule uses both 'may' and 'shall,' the normal inference is that each is used in its usual sense -- the one act being permissive, the other mandatory." *Anderson v. Yungkau*, 329 U.S. 482, 485, 67 S. Ct. 428, 91 L.Ed. 436 (1947). Further, where a party seeks to extend a deadline that has passed, it must show "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (holding federal habeas petition submitted one day late was properly dismissed as untimely).

Defendant Rankine filed his motion to compel on August 4, 2022, noting the matter for consideration on August 19, 2022. Any opposition pleadings from plaintiffs were due on August 15, 2022. Despite having ample notice and time to respond, plaintiffs did not file a response until 6:27 p.m. on August 18, 2022, the night before Rankine's reply was due. Notably, plaintiffs did not request any relief from this Court or provide any justification for failing to file by the mandatory deadlines set by court rule.

Defendant Rankine's ability to reply is greatly prejudiced by plaintiffs' untimely response. Defense counsel specifically allotted time to work on this Reply and was supposed to be on

DEFENDANT RANKINE'S REPLY IN SUPPORT OF
MOTION FOR COURT ORDER FOR MEDICAL
RECORDS - 2

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

1  scheduled PTO on Friday, August 19, 2022, to spend time with his two young sons. Instead, counsel was forced to prepare a substantive reply on moment's notice.

Plaintiffs are represented by experienced counsel that are familiar with the court rules and have no excuse for disregarding them. Allowing plaintiffs' untimely response sets a dangerous precedent, prejudices defendant, and should not be tolerated. Defendant respectfully requests the Court strike and/or disregard plaintiffs' response.

**B.     Plaintiffs admit the Mr. Ellis' medical records are relevant (i.e., discoverable).**

Plaintiffs' Complaint alleges numerous federal and state law claims, asserting damages for wrongful death, lost enjoyment of life, lost earnings, emotional distress, and loss of consortium. *Complaint, Dkt. No*. 22 at 5.14, 5.24-.25, 6.1-.5. These alleged damages put Ellis' medical records squarely at issue. More specifically, his medical records are necessary to address questions of life expectancy, earning capacity, and importantly, how his medical history may have impacted his cause of death. Plaintiffs' statement that Rankine already has "information about Manuel's mental health diagnoses, medications, drug use, drug rehabilitation efforts, counseling, prior serious injuries including a traumatic brain injury and a gunshot wound, dental issues, living situation, and sexual assault as a child" does not prohibit the retrieval of additional records from the treating agencies themselves. Indeed, it only shows that plaintiffs recognize their relevance and are improperly seeking to block their disclosure. "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Stever*, 603 F.3d 747, 753 (9th Cir. 2010) (quoting Fed. R. Evid. 401).

As the records are admittedly relevant, plaintiffs' suggestion that this Court limit defense to records created within a two-year time period is unsupported. Any medical records, regardless

DEFENDANT RANKINE'S REPLY IN SUPPORT OF
MOTION FOR COURT ORDER FOR MEDICAL
RECORDS - 3

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

of timeframe, related to plaintiffs' claims and damages are discoverable. As plaintiffs have put Mr. Ellis' life expectancy and cause of death at issue, all of his medical records are relevant. The cases plaintiffs cite to claim defendant's subpoenas are overbroad are inapposite.[1]

### C. Plaintiffs' had ample opportunity to make an informed decision on this issue.

Defendant first approached plaintiffs about this discovery issue on April 29, 2022, and made every attempt to cooperatively work towards a resolution. Plaintiffs had over three months to make an informed decision on this issue but instead chose to unreasonably delay. On August 3, 2022, at 2:01 p.m., defense counsel informed plaintiffs that he intended on filing his motion the following day. *See* Dkt. 65-10. Plaintiffs then waited until 3:40 p.m. on August 4, 2022 to provide any sort of response, after defendant finalized his motion and supporting materials. Then, on August 5, 2022, at 9:20 a.m., defense counsel responded to Mr. Erickson's email:

> We discussed limiting our document request to facilities with records made/created within the 7 year period prior to the incident (March 3, 2013-March 3-2020). Obviously, by limiting the time frame we would also be limiting the facilities to those that have relevant information. I'm not sure how else we could limit the request facility by facility and/or based on a "reason to believe that new relevant evidence could be discovered" as your email suggested? I'm always open to continuing discussions, explore ideas, and will strike my motion if we can reach some resolution. I'm available to discuss any time next week. Let me know what works for you.

Plaintiffs never responded and plaintiffs' response makes no mention of defendant's continued efforts, even after filing his motion to compel, to obtain a resolution without court intervention. This court should not be misled. Rankine made every attempt to cooperatively work through this issue with Plaintiffs, promptly responded to each of plaintiffs' emails, and offered plaintiff ample

---

[1] Notably, in *Uhler v. Van Cleave*, No. C16-1278RSM, 2017 U.S. Dist. LEXIS 19369 (W.D. Wash. Feb. 10, 2017), the plaintiff timely filed a motion for a protection order after receiving notice of the defendant's intent to subpoena medical records. Here, plaintiffs never made such a motion after receiving Rankine's notice of intent to subpoena, and also failed to file a timely response to Rankine's motion to compel.

DEFENDANT RANKINE'S REPLY IN SUPPORT OF
MOTION FOR COURT ORDER FOR MEDICAL
RECORDS - 4

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

1  opportunity to resolve this matter without court intervention.

## III.   CONCLUSION

Based on the foregoing, Defendant Rankine respectfully requests this Court sign and enter the proposed order compelling all medical, mental health, drug treatment, and behavioral health records related to Manuel Ellis.

DATED this 19th day of August 2022.

> FREY BUCK, P.S.
>
> By: _____
> Ted Buck, WSBA #22029
> Anne Bremner, WSBA # 13269
> Mark Conrad, WSBA #48135
> *Attorneys for Defendant Rankine*

DEFENDANT RANKINE'S REPLY IN SUPPORT OF
MOTION FOR COURT ORDER FOR MEDICAL
RECORDS - 5

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

# CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiffs**
James Bible, WSBA #33985
JAMES BIBLE LAW GROUP
14205 SE 36th St. Ste. 100
Bellevue, WA  98006
james@biblelawgroup.com

**Attorneys for Plaintiffs**
Stephen Dermer (Pro Hac Vice)
Matthew A. Ericksen, Sr. (Pro Hac Vice)
DERMER APPEL RUDER, LLC
708 Holcomb Bridge Road
Norcross, GA 30092
sdermer@darlawllc.com
mericksen@darlawllc.com
dlyner@darlawllc.com

**Attorneys for Defendant City of Tacoma**
Robert L. Christie, WSBA #10895
John Barry, WSBA #55661
CHRISTIE LAW GROUP, PLLC
2100 Westlake Ave. N., Suite 206
Seattle, WA 98109 US
bob@christielawgroup.com
john@christielawgroup.com
shawn@christielawgroup.com

**Attorneys for Defendant Pierce County**
Peter J. Helmberger, WSBA # 23041
Pierce County Prosecutor / Civil
955 Tacoma Avenue South, Suite 301
Tacoma, WA 98402-2160
peter.helmberger@piercecountywa.gov

**Attorney for Defendant Matthew Collins**
Casey M. Arbenz, WSBA # 40581
PUGET LAW GROUP
708 Broadway Suite 400
Tacoma, WA 98402
Casey@pugetlawgroup.com

**Attorneys for Defendant Christopher Burbank**
Brett Purtzer, WSBA #17283
Wayne Fricke, WSBA #16550
1008 South Yakima Ave., Suite 302
Tacoma, WA 98405
Brett@hesterlawgroup.com
Wayne@hesterlawgroup.com

DATED this 19th day of August 2022 at Seattle, Washington.

_____
Lauren English

---

DEFENDANT RANKINE'S REPLY IN SUPPORT OF
MOTION FOR COURT ORDER FOR MEDICAL
RECORDS - 7

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660