UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MONET CARTER-MIXON, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>CITY OF TACOMA, *et al.*,<br><br>Defendants. | CASE NO. C21-05692-LK<br><br>ORDER GRANTING MOTION TO SEAL |

This matter comes before the Court on the parties' stipulated joint motion to seal. Dkt. No. 79-1. The parties request that the Court seal the following exhibits to the declarations of Mark Conrad:

• Exhibit A: Medical Examiner's Postmortem Report (Dkt. Nos. 56-1, 65-1);
• Exhibit B: Probable Cause Statement and Police Report (Dkt. Nos. 56-2, 65-2);
• Exhibit C: Search Warrant and Manuel Ellis' Pierce County Alliance Records (Dkt. Nos. 56-3, 65-3); and
• Exhibit D: PCSO Detective Brockaway Briefing/Presentation (Dkt. Nos. 56-5, 65-5)

Dkt. No. 79-1 at 3.

Courts have recognized a "general right to inspect and copy public records and documents,

ORDER GRANTING MOTION TO SEAL - 1

1  including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when a court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (cleaned up). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.-N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). The Court may grant a motion to seal documents filed with a discovery motion upon a showing of good cause. *See, e.g.*, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Additionally, parties moving to seal documents must comply with Local Civil Rule 5(g), which allows them to file a document under seal only if "a statute, rule, or prior court order expressly authorizes" it or they file a motion to seal. LCR 5(g)(2).

The parties contend that the Court's prior order regarding Officer Rankine's telephonic motion to compel authorized sealing the documents, Dkt. No. 79-1 at 3, but it did not.[1] Their cursory joint motion states, "The parties show that the designated records include information about the decedent Manuel Ellis and non-parties which should be protected by the Stipulated Protective Order, applicable law, and/or the Local Rules[.]" *Id.* The parties have not complied with the requirements of Local Civil Rule 5(g)(3), which requires, among other things, "a specific statement of the applicable legal standard and the reasons for keeping a document under seal," *id.* at 5(g)(3)(B), and a specific statement of "the injury that will result if the relief sought is not granted[.]" *Id.* at 5(g)(3)(B)(ii). But in the interest of resolving this matter efficiently, the Court considers their joint motion anyway.

---

[1] The order directed the parties *to file a motion* seeking that relief "*under Local Civil Rule 5(g)* identifying (1) any documents in the record that should be sealed and/or redacted in accordance with the Protective Order, applicable law, and the Local Rules, including but not limited to Local Civil Rules 5(g) and 5.2[.]" Dkt. No. 77 at 12 (emphasis added).

1    Having reviewed the motion and the referenced documents, the Court finds good cause to
2    seal the medical examiner's postmortem report (Dkt. Nos. 56-1, 65-1), and Manuel Ellis's Pierce
3    County Alliance Records with its attached search warrant (Dkt. Nos. 56-3, 65-3) because those
4    documents contain medical information that cannot readily be redacted. *See, e.g.*, *Cont'l Med.*
5    *Transp. LLC v. Health Care Serv. Corp.*, No. C20-0115-JCC, 2021 WL 2072524, at *4 (W.D.
6    Wash. May 24, 2021) (sealing medical records). The Court finds good cause to seal the probable
7    cause statement and police report (Dkt. Nos. 56-2, 65-2) because its contains sensitive information
8    about third parties and nonconviction data about Mr. Ellis. *See* Wash. Rev. Code § 10.97.050(3)-
9    (6) (limiting dissemination of criminal history records and nonconviction data); *id.* at § 10.97.030
10   (8) ("'[n]onconviction data' consists of all criminal history record information relating to an
11   incident which has not led to a conviction or other disposition adverse to the subject, and for which
12   proceedings are no longer actively pending."); *accord Preston v. Boyer*, No. C16-1106-JCC-MAT,
13   2019 WL 8060201, at *9 (W.D. Wash. Nov. 27, 2019) (discussing the protections afforded to
14   nonconviction data), *report and recommendation adopted*, 2020 WL 416269 (W.D. Wash. Jan.
15   24, 2020). Good cause also exists to seal the briefing/presentation of PCSO Detective Brockaway
16   (Dkt. Nos. 56-5, 65-5) because it contains nonconviction data, sensitive information about
17   witnesses, and medical information regarding Mr. Ellis.
18   Accordingly, the Court GRANTS the parties' stipulated joint motion to seal. Dkt. No. 79-
19   1. The Clerk is directed to seal the following documents attached as exhibits to the declarations of
20   Mark Conrad:

- Exhibit A: Medical Examiner's Postmortem Report (Dkt. Nos. 56-1, 65-1);
- Exhibit B: Probable Cause Statement and Police Report (Dkt. Nos. 56-2, 65-2);
- Exhibit C: Search Warrant and Manuel Ellis' Pierce County Alliance Records (Dkt. Nos. 56-3, 65-3); and
- Exhibit D: PCSO Detective Brockaway Briefing/Presentation (Dkt. Nos. 56-5, 65-5).

ORDER GRANTING MOTION TO SEAL - 3

Dated this 11th day of October, 2022.

                                                Lauren King
                                                United States District Judge

ORDER GRANTING MOTION TO SEAL - 4