1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| | |
|---|---|
| MONET CARTER-MIXON, et al., | CASE NO. 3:21-cv-05692-LK |
| Plaintiffs, | ORDER GRANTING STIPULATED MOTION TO STAY |
| v. | |
| CITY OF TACOMA, et al., | |
| Defendants. | |

11
12
13
14
15

16    This matter comes before the Court on the parties' stipulated motion to stay this case until

17 the criminal case against several of the individual defendants has been resolved. Dkt. No. 81. For

18 the reasons set forth below, the Court grants the motion and stays this case.

19                                    **I.       BACKGROUND**

20    Manuel Ellis died while law enforcement officers attempted to arrest him on March 3,

21 2020. Dkt. No. 22 at 7, 12–13. His family and estate have sued the City of Tacoma, Tacoma Police

22 Officers (including Christopher Burbank, Matthew Collins, and Timothy Rankine), Pierce County,

23 and Pierce County Sheriff Deputies, alleging among other things that the defendant police officers'

24

1  and sheriff deputies' excessive force against Mr. Ellis violated his constitutional rights and caused

2  his death. *Id.* at 1–6, 24–29.

3      The State of Washington is prosecuting Officers Collins and Burbank for murder and

4  Officer Rankine for manslaughter for their actions on March 3, 2020. Dkt. No. 81 at 2. The cases

5  have been consolidated and the estimated 10-week trial is scheduled to begin on September 18,

6  2023 in Pierce County Superior Court. Dkt. No. 82 at 2; Dkt. No. 82-1 at 2.

## II.      DISCUSSION

8      The parties argue that a stay is warranted because (1) the criminal prosecution involves the

9  same incident—Mr. Ellis's March 3, 2020 death—at issue in this case, (2) the Washington

10  Attorney General has declined to grant the other defendant officers (Ford, Komarovsky, and

11  Farinas) immunity from future prosecution for their involvement in the incident, (3) "the *Monell*

12  claim against the City of Tacoma will turn in large part on the claims against the defendant

13  officers," and (4) the officers' likely invocation of their Fifth Amendment rights during their

14  depositions "may expose the defendant officers to an adverse inference and also interferes with

15  the Plaintiffs' ability to obtain otherwise discoverable information[.]" Dkt. No. 81 at 1–2.

16      "Absent a showing of substantial prejudice to the rights of the parties involved, the

17  Constitution does not require a stay of civil proceedings pending the outcome of criminal

18  proceedings." *S.E.C. v. Glob. Express Cap. Real Est. Inv. Fund, I, LLC*, 289 F. App'x 183, 190

19  (9th Cir. 2008). Instead, courts "must consider the particular circumstances and competing

20  interests involved, and should consider" the following factors:

> (1) the extent to which the defendant's Fifth Amendment rights are implicated,
> (2) the interest of the plaintiffs in proceeding expeditiously, (3) the burden the
> proceedings may impose on the defendants, (4) the convenience of the court and
> the efficient use of judicial resources, (5) the interests of persons not parties to the
> civil litigation, and (6) the interest of the public in the pending civil and criminal
> litigation.

1    *Id.* at 191 (citing *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324–25 (9th Cir. 1995)).

2          Although the justification for staying civil proceedings "is weak when no indictment has

3    been returned," *id.*, an information has been filed against Officers Collins, Burbank, and Rankine.

4    *See State v. Rankine*, No. 21-1-01288-2, Dkt. No. 1 (Pierce Cnty. Super. Ct. May 27, 2021); *State*

5    *v. Burbank*, No. 21-1-01286-6, Dkt. No. 1 (Pierce Cnty. Super. Ct. May 27, 2021); *State v. Collins*,

6    No. 21-1-01287-4, Dkt. No. 1 (Pierce Cnty. Super. Ct. May 27, 2021); Wash. Super. Ct. CrR 2.1(a)

7    ("The initial pleading by the State shall be an indictment or an information in all criminal

8    proceedings filed by the prosecuting attorney."); *Gaines v. State of Washington*, 277 U.S. 81, 86

9    (1928) ("Prosecution by information instead of by indictment is provided for by the laws of

10   Washington.").

11         The first factor weighs in favor of a stay because this case implicates the officers' Fifth

12   Amendment rights. Plaintiffs have not yet deposed the officers but anticipate that when they do,

13   they will delve into the same facts that underlie the criminal charges, including "each defendant

14   officer's involvement in the incident, . . . details of their contact with Mr. Ellis, their justifications

15   for each action they took with respect to Mr. Ellis, and their observations, perceptions, and

16   decision-making during the incident." Dkt. No. 81 at 3. If the criminal charges are still pending

17   when those depositions occur, the officers will face "a Catch-22: they would have to either risk

18   self-incrimination or invoke their Fifth Amendment rights and suffer potential adverse inferences

19   by doing so." *Id.* at 6. Those risks and the substantial factual overlap between this case and the

20   criminal prosecution favor a stay. *See, e.g.*, *L.C. v. Gilbert*, No. C09-5586-BHS, 2010 WL

21   1641533, at *2 (W.D. Wash. Apr. 21, 2010) (stay warranted where pending civil and criminal

22   actions involved an "overlap of issues and a danger of self-incrimination if Defendant is forced to

23   disclose information, documents, witness information and testimony in the civil action while the

24   criminal proceeding is pending.").

The other factors also favor granting a stay. First, although Plaintiffs have an interest in pursuing their cases expeditiously, they advocate for a stay despite this interest, agreeing with Defendants that the stay will likely streamline discovery and avoid delays resulting from the officers' invocation of their Fifth Amendment rights. Dkt. No. 81 at 6–7; *see also, e.g.*, *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1011 (E.D.N.Y 1992). The parties agree that a stay will not impede their ability to identify potential defendants in time to meet any statute of limitations. Dkt. No. 81 at 6–7 ("[T]he deadlines for joining parties and amending pleadings in this matter ha[ve] passed," and "Plaintiffs have already decided who to name as defendants."). Second, the officers would be burdened absent a stay by risking self-incrimination or invoking their Fifth Amendment rights with the potential adverse consequences of doing so. *Id.* at 6–8. And the City of Tacoma would also be burdened because, although "it cannot be liable for the Plaintiffs' constitutional claims unless the Plaintiffs establish that an underlying constitutional violation occurred," Plaintiffs' version of the facts could go unrefuted if the officers assert their Fifth Amendment rights. *Id.* at 7–8 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978)).

Third, a stay will be convenient for the Court and conserve judicial resources because it will allow the Court to avoid ruling on potentially complex discovery issues related to the officers' invocation of the Fifth Amendment and will allow discovery to proceed more efficiently after the stay ends. *See, e.g.*, *L.C.*, 2010 WL 1641533, at *3 ("Staying the case makes efficient use of judicial resources by [e]nsuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination."). Fourth, while there is significant public interest in this case, there are no specific non-parties with identifiable interests in this case or in a stay. And the public's interest in an airing of the facts will be at least partially satisfied by the upcoming criminal trial. Fifth, the public's interest is furthered by a stay to preserve the integrity of the criminal case. *Id.* ("The public's interest in the integrity of the

criminal case is entitled to precedence over the civil litigant."); *see also Ochoa v. City of Los Angeles*, No. 2:20-CV-06963-AB(AGRx), 2021 WL 6752249, at *5 (C.D. Cal. Dec. 29, 2021) (although "non-parties and the public have a strong interest in the prosecution of the civil matter," this interest "is overridden by the non-parties and public's interest in the criminal prosecution of the Officer Defendants."). In sum, the factors weigh in favor of a stay in light of the specific facts and circumstances present here.

### III.      CONCLUSION

For the foregoing reasons, the Court GRANTS the stipulated motion to stay. Dkt. No. 81. This matter is STAYED until the criminal case against the individual defendants has been resolved. Within thirty days of that date, the parties shall file a joint status report regarding the status of that case and proposed dates for the remaining deadlines and trial in this case. Such proposed dates shall be consistent with this Court's Standing Order. All remaining deadlines are hereby stricken.

Dated this 17th day of January, 2023.

Lauren King
United States District Judge