United States District Judge Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| MONET CARTER-MIXON, as Personal Representative of the Estate of MANUEL ELLIS, and MARCIA CARTER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TACOMA, CHRISTOPHER BURBANK, MATTHEW COLLINS, MASYIH FORD, TIMOTHY RANKINE, ARMANDO FARINAS, and RON KOMAROVSKY,<br><br>Defendants. | No. 3:21-cv-05692-LK<br><br>PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT OFFICERS' JOINT MOTION TO CONTINUE STAY |

COMES NOW Monet Carter-Mixon, as Personal Representative of the Estate of Manuel Ellis, and Marcia Carter (collectively referred to herein as "Plaintiffs"), the named Plaintiffs in the above-styled civil action, and file their Response in Opposition to Defendant Officers' Joint Motion to Continue Stay (Dkt. No. 91), respectfully showing this Court as follows:

Plaintiffs wish to immediately resume discovery in this case. This civil action was filed on September 17, 2021 (Dkt. No. 1) and Plaintiffs were diligent in pursuing discovery while the case was active. However, during the year 2022 it became clear that further efforts to pursue discovery would be frustrated by the fact that the individually named Defendants had indicated their intention to invoke their Fifth Amendment rights and refuse to sit for depositions. On October 18, 2022

counsel for Masyih Ford, Armando Farinas, and Ron Komarovsky, three unindicted Tacoma officers, indicated he was in the process of drafting a motion for protective order to delay his clients' depositions until after the Pierce County criminal trial was over.

As late as December 6, 2022 the Plaintiffs were still trying to move forward with discovery and insisting that they needed to proceed with the depositions of the six individually named Defendants, even if the deponents would be invoking the Fifth Amendment in response to specific questions:

---

**From:** Matthew Ericksen <matthew@ericksenfirm.com>
**Date:** Tuesday, December 6, 2022 at 9:45 AM
**To:** Shawn Siers <shawn@christielawgroup.com>, james@biblelawgroup.com <james@biblelawgroup.com>, Carla@biblelawgroup.com <carla@biblelawgroup.com>, sdermer@darlawllc.com <sdermer@darlawllc.com>, dlyner@darlawllc.com <dlyner@darlawllc.com>
**Cc:** John Barry <john@christielawgroup.com>, Tom Miller <tom@christielawgroup.com>, Bob Christie <bob@christielawgroup.com>, Mark Conrad <mconrad@freybuck.com>, Lauren English <lenglish@freybuck.com>, Anne Bremner <abremner@freybuck.com>, Ted Buck <tbuck@freybuck.com>, Casey@pugetlawgroup.com <Casey@pugetlawgroup.com>, Wayne@hesterlawgroup.com <wayne@hesterlawgroup.com>, Brett@hesterlawgroup.com <brett@hesterlawgroup.com>, sestes@kbmlawyers.com <sestes@kbmlawyers.com>, amurphy@kbmlawyers.com <amurphy@kbmlawyers.com>
**Subject:** RE: Carter-Mixon v. City of Tacoma, et al.

Receipt acknowledged.

I am renewing my request to take the depositions of the individually named defendants Matthew Collins, Christopher Burbank, Timothy Rankine, Masyih Ford, Armando Farinas, and Ron Komarovsky. I would appreciate it if y'all would get me some dates in January for that. I understand that your clients will likely "take the Fifth" on many questions, but I think I'm entitled to ask the questions and I have an obligation to keep pushing this case forward. The discovery deadline is 3/31 and I need to have the officers' depositions done in order to decide what further discovery will be necessary. Thank you,
Matthew

(Dkt. No. 82-3, pages 3-4).

None of the Defendants offered dates for their depositions and it was clear that to move forward the Plaintiffs would need to expend considerable time and money, as well as the Court's resources, in litigating the issue of whether, and under what circumstances, depositions of any of

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
OFFICERS' JOINT MOTION TO CONTINUE STAY - 2

THE ERICKSEN FIRM
708 HOLCOMB BRIDGE ROAD
Norcross, Georgia 30071
T: 404-909-4354

the Defendants would be allowed to proceed. It is in that context, and with good reason to believe that the Pierce County criminal case was moving forward and would be resolved by the end of 2023, that Plaintiffs previously consented to a stay.

Despite the fact that the Pierce County criminal trial of Matthew Collins, Christopher Burbank, and Timtohy Rankine concluded on December 21, 2023, all six individually named Defendants are arguing for a continuation of the stay. This civil action have already been stayed for over 14 months. Plaintiffs are anxious to proceed and they clearly have an interest in proceeding expeditiously with their case. Plaintiffs respectfully submit that the balance of caselaw strongly supports a denial of Defendants' motion.

The Ninth Circuit laid out the key factors to consider when evaluating a stay request back in 1995:

> The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." *Molinaro,* 889 F.2d at 902. This means the decisionmaker should consider "the extent to which the defendant's fifth amendment rights are implicated." *Id.* In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Id.* at 903.

*Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324-325 (9th Cir. 1995).

More recently, this Court has explained the caselaw that pertains to stay requests:

> The Constitution generally does not require a stay of civil proceedings pending the outcome of a parallel criminal case. *Keating v. Off. Of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995); accord *Fed. Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir. 1989). "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Keating,* 45 F.3d at 324 (cleaned up). This is because a total stay of civil discovery pending the outcome of related

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
OFFICERS' JOINT MOTION TO CONTINUE STAY - 3

**THE ERICKSEN FIRM**
708 HOLCOMB BRIDGE ROAD
Norcross, Georgia 30071
T: 404-909-4354

criminal matters "is an extraordinary remedy appropriate for extraordinary circumstances." *Weil v. Markowitz,* 829 F.2d 166, 174 n.17, 264 U.S. App. D.C. 381 (D.C. Cir. 1987); accord *Whitsitt v. Allen & Assocs., LLC,* No. C13-1133-JCC, 2014 U.S. Dist. LEXIS 189031, 2014 WL 11997865, at *2 (W.D. Wash. Mar. 27, 2014). Thus, although a district court has broad discretion to stay proceedings, the moving party bears a heavy burden in demonstrating that a stay is warranted. *Clinton v. Jones,* 520 U.S. 681, 706, 708, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997); *Grassmueck v. Zhou Yan,* No. C17-0794-JLR, 2017 U.S. Dist. LEXIS 118074, 2017 WL 3189035, at *2 (W.D. Wash. July 27, 2017).

*Private Client Fiduciary Corp. v. Pham Singh Chopra,* 2023 U.S. Dist. LEXIS 66831, *7, 2023 WL 2969617 (W.D. Wash. 2023).

Plaintiffs respectfully submit that the factors laid out in *Keating, supra,* counsel against granting Defendants' request. Critically, Plaintiffs can only speculate as to (1) how long the DOJ's review will take, and (2) whether any federal charges will ultimately be brought against any of the Defendants. It is entirely possible that the DOJ will not make a final determination regarding criminal charges during the year 2024. In the event that federal criminal charges are brought it is likely that such a case, inclusive of appeals, would stretch on for years. Under the circumstances, Defendants are essentially advocating for an open-ended stay for an indefinite period of time, and such requests prejudice Plaintiffs and are disfavored for several good reasons:

> Courts, however, generally find a plaintiff's interest prejudiced when a stay will cause a lengthy or indefinite delay. *United States v. Electron Hydro, LLC,* No. C20-1746-JCC, 2022 U.S. Dist. LEXIS 34875, 2022 WL 594909, at *3 (W.D. Wash. Feb. 28, 2022); see, e.g., *Clinton,* 520 U.S. at 707-708 (delaying trial increases the danger of prejudice "resulting from the loss of evidence, including the inability of witnesses to recall specific facts, and the possible death of a party"); *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.,* 490 F.3d 718, 724 (9th Cir. 2007) ("[L]engthy and indefinite stays place a plaintiff effectively out of court" and "inherently increase[] the risk that witnesses' memories will fade and evidence will become stale" (cleaned up)); *CommScope, Inc. v. Electro Prods., Inc.,* No. CV-06-0577-RSM, 2007 U.S. Dist. LEXIS 108490, 2007 WL 9775629, at *3 (W.D. Wash. Feb. 12, 2007) (plaintiffs would be prejudiced by negative consequences of delay, including witnesses relocating, fading memories, and the inability to seek vindication or redress for an indefinite period).

*Private Client Fiduciary Corp. v. Pham Singh Chopra,* 2023 U.S. Dist. LEXIS 66831, *11-12, 2023 WL 2969617 (W.D. Wash. 2023).

Furthermore, any arguments for staying civil proceedings are much weaker where, as in the present matter, there is no pending indictment:

> As Plaintiffs point out, courts generally disfavor issuing a stay of civil proceedings in the absence of a criminal indictment. *Federal Savings and Loan Insurance Corp. v. Molinaro,* 889 F.2d 899 (9th Cir. 1989) ("The case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened."); *United States ex rel. Shank v. Lewis Enterprises, Inc.,* 2006 U.S. Dist. LEXIS 22065, 2006 WL 1064072 (S.D. Ill. 2006) (denying stay where defendant is unindicted and finding weight of authority against pre-indictment stays); *U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Group, Inc.,* 297 F. Supp.2d 531 (E.D.N.Y. 2003) (stating that pre-indictment stays are generally denied). This has held true even where the subject matter of an ongoing criminal investigation is the same as that of the civil proceeding. S*ee, e.g., Securities & Exchange Comm'n v. Sandifur,* 2006 U.S. Dist. LEXIS 40716, 2006 WL 1719920, *2 (W.D. Wash. 2006) (denying a pre-indictment stay where criminal investigation "overlaps 100% with the subject matter of the [civil] action").

*Commscope, Inc. v. Electro Prods.,* 2007 U.S. Dist. LEXIS 108490, *6 (W.D. Wash. 2007).

The Court in *Commscope, Inc., supra,* denied a Defendant's request to stay proceedings, reasoning that "[a]s there is no actual indictment against Defendant Oberholtzer and the prospect of a forthcoming indictment is anything but certain, Defendant Oberholtzer's Fifth Amendment concerns are too speculative to justify a stay of the civil proceeding when weighed against Plaintiffs' interest in proceeding." *Commscope, Inc. v. Electro Prods.,* 2007 U.S. Dist. LEXIS 108490, *7-8 (W.D. Wash. 2007).

Notably, it does not appear that any of the caselaw relied on by the Defendants involved a situation where a Court granted the relief they are currently seeking, a stay of a civil action even though no criminal charges are pending. *See generally, SEC v. Global Express Capital Real Estate Inv. Fund,* 289 Fed. Appx. 183, 191 (9th Cir. 2008) ("The magistrate judge correctly balanced Farris's Fifth Amendment interests against the other factors and reasoned that a stay of the

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
OFFICERS' JOINT MOTION TO CONTINUE STAY - 5

**THE ERICKSEN FIRM**
708 HOLCOMB BRIDGE ROAD
Norcross, Georgia 30071
T: 404-909-4354

proceedings would be prejudicial to the SEC, frustrate the work of the receiver, and lead to an inefficient use of the court's resources. In light of the fact that no criminal charges had been filed against Farris at the time she moved for a stay (nor were criminal charges ever filed), this conclusion was appropriate."; denial of stay request affirmed by the Ninth Circuit); *Keating v. Office of Thrift Supervision,* 45 F.3d 322 (9th Cir. 1995) (ALJ declined to stay proceedings even though the party in question was facing both state and federal criminal charges; denial of stay request affirmed by the Ninth Circuit); *Federal Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 903 (9th Cir. 1989) ("The possibility that criminal indictments would be brought against Molinaro may have made responding to civil charges more difficult for him, but the court did not abuse its discretion by deciding that this difficulty did not outweigh the other interests involved."; denial of stay request affirmed by the Ninth Circuit); *SEC v. Alexander,* 2010 U.S. Dist. LEXIS 138547, 2010 WL 5388000 (N.D. Cal. 2010) (District Court granted motion to stay where the individually named Defendants had been indicted and were facing a total of 43 criminal charges).

Regarding Fifth Amendment interests, it is undisputed that Defendants Matthew Collins, Timothy Rankine, and Masyih Ford testified at the Pierce County criminal trial about the events of March 3, 2020 and the death of Manuel Ellis.[1] Those Defendants gave hours of voluntary, sworn testimony in November/December 2023 so it is unclear how often, if at all, those same individuals would now invoke the Fifth Amendment in this lawsuit. Based on the unique facts of this case the Fifth Amendment interests are different than a "typical" case, and the Defendants' case for a lengthy stay, with no criminal charges pending, is weaker.

---

[1] Defendants' testimony was video recorded and is freely available to the public on Youtube: https://www.youtube.com/watch?v=EgHwyAQBnWA&t=7334s (Masyih Ford); https://www.youtube.com/watch?v=g9fZHpCLQdA&t=1305s (Masyih Ford); https://www.youtube.com/watch?v=py2pYCo3ZU4&t=54s (Matthew Collins) https://www.youtube.com/watch?v=v0g1zCAeeNQ&t=9278s (Matthew Collins and Timothy Rankine); https://www.youtube.com/watch?v=6-dG8HQILkc&t=8296s (Timothy Rankine).

Finally, Plaintiffs respond to Defendants' argument that "[a] stay will not prejudice Plaintiffs particularly because Plaintiffs lobbied the USCO [sic] for the review that caused the need for a stay." (Dkt. No. 93-1, page 7). This argument is without merit. Marcia Carter is the mother of Manuel Ellis. Monet Carter-Mixon is the sister of Manuel Ellis. Marcia and Monet have both been advocating for over four years for justice, accountability, and meaningful reform after the traumatic death of their loved one. Their advocacy has always been sincere and based on the bona fide belief that Manuel Ellis was killed by law enforcement. Plaintiffs' advocacy has been important in ushering in law enforcement reforms that will likely save lives, including the recent Senate Bill 6009 which bans hogtying by the police throughout Washington State.[2] Any suggestion that Plaintiffs' advocacy pursuing justice for Manuel Ellis has been based on bad faith or some improper purpose is wholly without merit. Plaintiffs respectfully submit that the circumstances before this Court are wholly inapposite to the very limited situations wherein a party should be punished because they themselves improperly created a legal problem that impacts a case.

WHEREFORE, Plaintiffs respectfully request that Defendants' motion be denied.

I certify that this memorandum contains approximately 2,492 words, in compliance with the Local Civil Rules.

DATED this the 1st day of April, 2024.

---

[2] https://app.leg.wa.gov/billsummary?billnumber=6009&year=2024

JAMES BIBLE LAW GROUP

By: /s/ James Bible
    James Bible, WSBA #33985
    14205 Se 36th Street, Suite 100
    Bellevue, WA 98006
    Telephone: 425-519-3675
    Email:  James@biblelawgroup.com
    *Attorney for Plaintiffs*

THE ERICKSEN FIRM, LLC

By: /s/ Matthew A. Ericksen, Sr.
    Matthew A. Ericksen, Sr.
    Georgia Bar No. 304088
    708 Holcomb Bridge Road
    Norcross, GA 30071
    Telephone: 404-909-4354
    Email: matthew@ericksenfirm.com
    *Attorney for Plaintiffs*
    **(Admitted Pro Hac Vice)**

DERMER APPEL RUDER, LLC

By: /s/ Stephen Dermer
    Stephen Dermer
    Georgia Bar No. 219267
    708 Holcomb Bridge Road
    Norcross, GA 30071
    Telephone: 404-881-3542
    Email: sdermer@darlawllc.com
    *Attorney for Plaintiffs*
    **(Admitted Pro Hac Vice)**

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April, 2024, I electronically filed the foregoing PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT OFFICERS' JOINT MOTION TO CONTINUE STAY with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of said filing to the following attorneys of record:

**Attorneys for Plaintiffs**
James Bible, WSBA #33985
JAMES BIBLE LAW GROUP
14205 SE 36th St. Ste. 100
Bellevue, WA 98006
Tel: 425-519-3675
Email: james@biblelawgroup.com; carla@biblelawgroup.com

Stephen Dermer
DERMER APPEL RUDER, LLC
708 Holcomb Bridge Road
Norcross, GA 30071
Tel: 404-881-3542
Email: sdermer@darlawllc.com

**Attorneys for Defendant City of Tacoma**
Robert L. Christie, WSBA #10895
John Barry, WSBA #55661
Megan M. Coluccio, WSBA #44178
CHRISTIE LAW GROUP, PLLC
2100 Westlake Ave. N., Suite 206
Seattle, WA 98109
Tel: 206-957-9669
Email: bob@christielawgroup.com; john@christielawgroup.com;
megan@christielawgroup.com; laura@christielawgroup.com

**Attorneys for Defendant Matthew Collins**
Casey Arbenz, WSBA #40581
Jared E Ausserer, WSBA #32719
PUGET LAW GROUP, LLP
708 Broadway, Ste. 400
Tacoma, WA 98402
Tel: 253-627-4696
Email: casey@pugetlawgroup.com; jared@pugetlawgroup.com;
karla@pugetlawgroup.com;

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
OFFICERS' JOINT MOTION TO CONTINUE STAY - 9

**THE ERICKSEN FIRM**
708 HOLCOMB BRIDGE ROAD
Norcross, Georgia 30071
T: 404-909-4354

**Attorneys for Defendant Christopher Burbank**
Brett A. Purtzer, WSBA #17283
Wayne C. Fricke, WSBA #16550
HESTER LAW GROUP, INC. P.S.
1008 South Yakima Avenue, Suite 302
Tacoma, WA 98405
T: (253) 272-2157
Email: brett@hesterlawgroup.com; wayne@hesterlawgroup.com
kathy@hesterlawgroup.com; leeann@hesterlawgroup.com

**Attorneys for Defendant Timothy Rankine**
Ted Buck, WSBA #22029
Anne Bremner, WSBA #13269
Mark Conrad, WSBA #48135
Nicholas David Gross, WSBA #48236
FREY BUCK, P.S.
1200 Fifth Ave, Suite 1900
Seattle, WA 98101
Tel: (206) 486-8000
Fax: (206) 902-9660
Email: tbuck@freybuck.com; abremner@freybuck.com
mconrad@freybuck.com; ngross@freybuck.com;
astocking@freybuck.com; sjohnson@freybuck.com

**Attorneys for Defendants Armando Farinas, Ron Komarovsky, and Masyih Ford**
Stewart A. Estes, WSBA # 15535
Audrey M. Airut Murphy, WSBA #56833
KEATING, BUCKLIN & McCORMACK, INC., P.S.
801 Second Avenue, Suite 1210
Seattle, WA 98104-1518
Phone: (206) 623-8861
Fax: (206) 223-9423
Email: sestes@kbmlawyers.com; lwalker@kbmlawyers.com; tcaceres@kbmlawyers.com
amurphy@kbmlawyers.com; lmartin@kbmlawyers.com


By: /s/ Matthew A. Ericksen, Sr.
Matthew A. Ericksen, Sr.
*Attorney for Plaintiffs*

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
OFFICERS' JOINT MOTION TO CONTINUE STAY - 10

**THE ERICKSEN FIRM**
708 HOLCOMB BRIDGE ROAD
Norcross, Georgia 30071
T: 404-909-4354